DAUKSCH, Judge,
dissenting.
I respectfully dissent.
The agreement between the parties contains the provision
Payments. At the sole option of Lender, Advances may be paid in the joint names of Borrower and the general contractor, subeontractor(s), or supplier(s) in payment of sums due under the Construction Contract. At its sole option, Lender may directly pay the general contractor and any subcontractors or other parties the sums due under the Construction Contract. Borrower appoints Lender as its attorney-in-fact to make such payments. This power shall be deemed to be coupled with an interest, shall be irrevocable, and shall survive an Event of Default under this Agreement.
In my opinion, the majority has misinterpreted the right of the lender (to refuse final payment until all conditions are met to its satisfaction) with the duty it has to the borrower. Under the agreement the lender has the right to make all payments it deems *375 proper. The bank undertook to protect its interests in making final payment. If the borrower has a claim for defective construction then their claim is against the builder. The lender should not have the obligation to protect its mortgage lien rights in a contest between the borrower and their builder.